**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            Criminal Case No 1:05CR102-1

MARCUS RONALD SANDERS, a/k/a "Mark,"

        Defendant.

## REPORT AND RECOMMENDATION/OPINION CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Marcus Ronald Sanders, a/k/a "Mark," appeared in person and by his counsel, Michael Sharley, on January 19, 2006. The Government appeared by Shawn Angus Morgan, Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to Count Six of the Indictment. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to summarize the agreement and tender the original to the Court.

Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court **ORDERED** the written Plea Agreement filed.

The Court continued with the proceeding by placing Defendant under oath, and thereafter inquiring of Defendant's counsel as to Defendant's understanding of his right to have an Article III Judge hear his plea and his willingness to waive that right, and instead have a Magistrate Judge hear his plea.

Thereupon, the Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Marcus Ronald Sanders, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent filed.

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement dated November 21, 2005, and signed by him on December 1, 2005, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Six of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Court Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw his plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted his plea of guilty to the felony charge contained in Count Six of the Indictment, Defendant would not be permitted to withdraw his guilty plea even if the Judge refused to follow the non-binding recommendations and non-binding stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to enter a plea of guilty.

The Court confirmed the Defendant had received and reviewed Count Six of the Indictment in this matter with his attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Six of the

3

Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him; understood that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on the charge contained in Count Six of the Indictment was imprisonment for a period of at least one (1) and not more than forty (40) years; understood that a fine of not more than $ 2,000,000.00 could be imposed; understood that both imprisonment and fine could be imposed; understood he would be subject to a term of at least six (6) years supervised release; and understood the Court would impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing. Defendant also understood that the Court might require him to pay the costs of his incarceration and supervised release. Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted, and further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned Magistrate Judge further examined Defendant and determined he understood that the Government would not be moving for the additional third level reduction, despite a reference to a third-level reduction in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his conditional waiver of his direct and collateral appeal rights as contained in his written plea agreement, and determined he understood those rights and, subject to the conditions set forth in the agreement, voluntarily gave them up as part of the written plea agreement.

The undersigned further inquired of Defendant, his counsel, and the government, as to the non-binding Stipulation contained in the written Plea Agreement, that provides:

> Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that, on or about August 6, 2004, at or near Clarksburg, Harrison County, West

Virginia, the defendant, aided and abetted by another individual, unlawfully, knowingly and intentionally distributed approximately 1.02 grams of cocaine base, also known as "crack," within 1000' of the Stonewall Jackson playground. The parties further stipulate and agree that the defendant's total relevant conduct in this case is at least 35 grams but less than 50 grams of cocaine base, some of which involved a protected location.

The undersigned then determined that Defendant understood the Court is not bound by the above stipulation and is not required to accept same. Defendant further understands and agrees that should the Court not accept the above stipulation, he will not have the right to withdraw his plea.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant Count Six of the Indictment, including the elements the United States would have to prove at trial, charging him with aiding and abetting another person in unlawfully, knowingly, and intentionally distributing approximately 1.02 grams of cocaine base, also known as "crack," within 1000' of a playground, in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(C) and 860, and Title 18, United States Code, Section 2.

The Court then received the sworn testimony of Officer Chip Sylvester, who testified that on August 6, 2004, a Confidential Informant ("CI") working with the drug task force, made a telephone call to Defendant's residence. Co-defendant Delphine Green answered the phone. The CI asked for $200.00 worth of crack cocaine. Green asked Defendant if that would be ok, and Defendant responded that it would be ok. The CI agreed to go to Defendant's residence at Bell Street, Clarksburg, West Virginia, within the Northern District of West Virginia. The CI was supplied with $200.00 in United States currency by officers attached to the drug task force. The CI went to Defendant's residence. A "source of supply" came to the residence. The "source of supply" was kept separate from the CI. Defendant took $200.00 from the CI and went downstairs with Green and the "source of supply." They came back upstairs, where the controlled buy took place between Defendant, Green, and the CI. The controlled buy was recorded by both audio and video. The substance was tested by the West Virginia State Police

5

laboratory, and was determined to be 1.02 grams of cocaine base. Both Defendant and Co-defendant Green were actively involved in the transaction. Defendant's residence at Bell Street, Clarksburg, West Virginia, where the controlled buy took place, is within 1000' of the Stonewall Jackson playground. The playground has three or more separate apparatuses, including two separate swing sets and a separate jungle gym, as well as a basketball court.

From the testimony of Officer Sylvester, the undersigned Magistrate Judge concludes the offense charged in Count Six of the Indictment is supported by an independent basis in fact concerning each of the essential elements of the offense. This conclusion is supported by the stipulation of the parties.

Thereupon, Defendant, with the consent of his counsel, Michael Sharley, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Six of the Indictment.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant's guilty plea is knowledgeable and voluntary as to the charge contained in Count Six of the Indictment.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charge contained in Count Six of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in said Count Six of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge.

Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *Thomas v. Arn*, 474 U.S. 140 (1985).

It further appearing to the Court that Defendant is in the custody of the United States Marshal, Defendant is remanded to the custody of the United States Marshal pending further proceedings in this matter.

The Clerk of the Court is directed to mail an authenticated copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 23rd , day of January, 2006.

**/s** *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE