IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARCUS RONALD SANDERS,

      Petitioner,

v.                                  Civil Action No.  1:06cv181
                                   Criminal No.  1:05cr102
                                   (Judge Keeley)

UNITED STATES OF AMERICA,

      Respondent.

## OPINION/REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION

Petitioner initiated this case on December 22, 2006, by filing a *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. On December 28, 2006, the undersigned conducted a preliminary review of the motion and determined that summary dismissal was not warranted at that time. Therefore, the Respondent was directed to file a response by January 26, 2007. On January 22, 2007, the Respondent filed a motion to extend time to respond to the petition. That motion was granted on January 24, 2007, at which time the Respondent's response became due on February 20, 2007. The Respondent filed a response on February 12, 2007. The Petitioner has not filed a reply.

On March 12, 2007, Petitioner filed a Motion for Preliminary Injunction under Rule 65(a) of the Federal Rules of Civil Procedure. In the motion, Petitioner asserts that the Respondents response was due on February 20, 2007. However, Petitioner argues that as of the date of the motion, the Respondent has failed to properly comply with the Court's show cause order because it has not provided Petitioner with a copy of the transcript of the Rule 11 hearing, transcripts of the sentencing, and a copy of the plea agreement. Thus, Petitioner requests sanctions against the

Respondent for violating a direct order of the court. In addition, Petitioner has included a statement showing that his legal mail was destroyed by the Central Regional Jail. Petitioner asserts that such statement proves that the Respondent and its agents have impeded Petitioner's attempts to correct an injustice.

The standard for granting injunctive relief in this Court is the balancing-of-hardship analysis set forth in Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). In making this analysis, the Court must consider the following four factors:

> (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,
>
> (2) the likelihood of harm to the defendant if the requested relief is granted,
>
> (3) the likelihood that the plaintiff will succeed on the merits, and
>
> (4) the public interest.

Direx Israel, Ltd v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). The "[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction." Id. (citation omitted).

A court will not grant a preliminary injunction unless the plaintiff first makes a "clear showing" that he will suffer irreparable injury without it. Id. The required harm "must be neither remote nor speculative, but actual and imminent." Id. (citations and internal quotation omitted). If such harm is demonstrated, the court must balance the likelihood of harm to the plaintiff if an injunction is not granted and the likelihood of harm to the defendant if it is granted. Id. (citation omitted). If the balance of those two factors "'tips decidedly' in favor of the plaintiff, a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious,

substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991) (citations omitted). However, "[a]s the balance tips away from the plaintiff, a stronger showing on the merits is required." Id. (citation omitted).

In his case, Petitioner has failed to show any irreparable injury, or in fact, any need for injunctive relief. Moreover, other than his blanket statement in the title of his motion that he is seeking injunctive relief, Petitioner does not even explain what type of injunctive relief he believes is appropriate. Instead, it appears as if Petitioner's is actually seeking either a default judgment against the Defendants or sanctions for the failure to timely comply with an Order of the Court. However, those claims are also baseless as the facts raised in support of those claims are inaccurate. For example, the Respondent has clearly filed a timely response to the petition. In addition, in the Court's show cause Order, the Respondent was not directed to provide Plaintiff with copies of the Rule 11 Hearing, the sentencing transcript or the plea agreement. The Respondent was directed to provide the Court with those documents, which it did on March 7, 2007. Finally, to the extent that Petitioner complains about his mail being destroyed at the Central Regional Jail, that is an issue that should be raised in a civil rights complaint after the exhaustion of administrative remedies. Accordingly, the undersigned recommends that the Court enter an Order **DENYING** Petitioner's Motion for Preliminary Injunction (dckt. 8/91).

Within ten (10) days after being served with a copy of this Opinion/Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge.

Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to transmit a copy of this Opinion/Report and Recommendation to the *pro se* petitioner and counsel of record.

DATED: March 14, 2007.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE